UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES FUNK,

    Plaintiff,

v.                                                                                       Case No.  1:17-CV-514

CITY OF LANSING and                                              HON. GORDON J. QUIST
MICHAEL YANKOWSKI, in his
individual and official capacity,

    Defendants.
_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DISMISSING OFFICIAL-CAPACITY CLAIMS
AGAINST DEFENDANT YANKOWSKI**

Plaintiff, Charles Funk, an African-American and a former police officer for Defendant City of Lansing, filed a complaint against the City and Michael Yankowski, the City's Chief of Police, alleging claims of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (Title VII), and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101, *et seq.* (Counts I and III); retaliation, in violation of Title VII and ELCRA (Counts III and IV); and three claims pursuant to 42 U.S.C. § 1983 for First Amendment retaliation and equal protection violations (Counts V–VII).  Funk sues only the City on Title VII claims, and both the City and Yankowski on the claims under ELCRA and § 1983.

In brief, Funk, then a Sergeant with the Lansing Police Department (LPD), alleges that in January 2016, he had the highest score on the lieutenant's promotional exam and was first on the list for upcoming vacancies. (ECF No. 1 at PageID.3.)  In late 2015 and early 2016, Funk observed a pattern of discriminatory conduct by LPD officers against African-American citizens.  (*Id.*)  In particular, Funk alleges that he learned that white LPD officers were arresting and charging African-

American citizens for crimes they had not committed. (*Id.* at PageID.4.) Funk claims that he complained to Yankowski about such incidents on two separate occasions. In March 2016, Yankowski announced a departmental reorganization, resulting in the creation of numerous lieutenant positions. Shortly thereafter, Yankowski told Funk that he would not be promoted to lieutenant, and Yankowski selected four other individuals who had lower scores than Funk on the lieutenant's exam—at least some of whom were white—for promotion to lieutenant. (*Id.* at PageID.4.) In response, Funk filed a formal complaint with the City alleging discrimination. (*Id.*) Funk was then subjected to a string of false, pretextual, and discriminatory employment practices, culminating in a constructive discharge on September 13, 2016. (*Id.* at PageID.5.)

On August 4, 2017, the City and Yankowski filed an answer to Funk's complaint. In addition, although no discovery has occurred in this case thus far, Yankowski filed a motion for summary judgment, arguing that he is entitled to summary judgment on all claims against him in both his individual and official capacities. Yankowski did not support his motion with an affidavit, deposition transcript, or any admissible document.

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a movant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A moving party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 55(c)(1)(A). As noted, Yankowski fails to cite any materials in the record to establish his entitlement to summary judgment. His motion is thus not a proper motion for summary judgment under Rule 56, and he fails to meet his burden of showing entitlement to summary judgment. Moreover, in general, a court should not

grant of summary judgment unless a plaintiff is afforded "some opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994). "[T]he grant of summary judgment, absent *any* opportunity for discovery," "offends concepts of fundamental fairness." *Id.* (italics in original).

Even if the Court considers Yankowski's motion a motion to dismiss or a motion for judgment on the pleadings, *see Summers v. Penn Cent. Transp. Co.*, 518 F. Supp. 864, 865 (S.D. Ohio 1981) ("A motion for summary judgment, unsupported by Rule 56 materials, is nothing more, in legal effect, than a motion for judgment on the pleadings."), it is, for the most part, defective. Motions for judgment on the pleadings are governed by the same standard as motions to dismiss under Rule 12(b)(6). A court must construe the complaint in the light most favorable to the plaintiff, and accept as true all of the well-pled factual allegations in the complaint. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295–96 (6th Cir. 2008). Yankowski's motion—which ignore's Funk's allegation that he was constructively discharged and instead states that "Plaintiff Funk was not terminated from the Lansing Police Department, he resigned after an internal investigation," (ECF No. 10 at PageID.62)—disregards this standard.

Moreover, with one exception explained below, Yankowski's arguments do not support dismissal. In his first argument, Yankowski states that he "should be dismissed from this claim in both official and personal capacity based on *Monell* factors." Yankowski then proceeds to cite the law regarding qualified immunity, and then states that he "is entitled to qualified immunity by law" because "[h]e is the decision maker for the Lansing Police Department, and as the decision maker should be removed as a named party as a co-Defendant, City of Lansing is the proper party." (ECF No. 10 at Page ID.62.) Yankowski apparently does not understand the difference between individual- and official-capacity claims. Qualified immunity applies to individual capacity claims,

3

but "[d]efendants sued in their official capacities are not eligible for qualified immunity." *Barker v. Goodrich*, 649 F.3d 428433 (6th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 3106 (1985)). Yankowski's status as a decision maker is irrelevant to qualified immunity, and Yankowski fails to present any coherent argument about why he is entitled to qualified immunity on Funk's § 1983 claims against him in his individual capacity.

Yankowski next argues that he is entitled to absolute immunity as the decision maker and Chief of the LPD. Notably, Yankowski cites *Ross v. Consumers Power Co.*, 420 Mich. 567, 363 N.W.2d 641 (1984). *Ross* dealt with governmental immunity from tort liability under Michigan law. Funk does not allege any state-law tort claims, and "state-law immunities cannot be used to defeat § 1983 claims." *Dean v. Byerly*, 354 F.3d 540, 555 (6th Cir. 2004) (citing *Dubic v. Mich. Bd. of Law Exam'rs*, 342 f.3d 610, 617 (6th Cir. 2003)). Moreover, Yankowski does not argue that governmental tort immunity extends to ELCRA claims, and he cites no case law supporting such a proposition.

Finally, Yankowski argues that Funk's official-capacity claims against Yankowski should be dismissed because such claims are actually against the City, which is a party to this lawsuit. As the Supreme Court has observed, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 165-66, 105 S. Ct 3105 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2013 n.55 (1978)). In other words, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). Funk's claim against Yankowski in his official capacity is, therefore, a suit against the City. Because Funk has sued the City, Funk's § 1983 claims against Yankowski in his official capacity are duplicative of Funk's § 1983 claims against the City. Accordingly, Funk's official-capacity

claims against Yankowski are appropriately dismissed. *See D.H. v. Matti*, No. 3:14-cv-732-CRS, 2015 WL 4530419, at *4 (W.D. Ky. July 27, 2015) (dismissing official capacity claims against individuals as "unnecessarily duplicative" because the municipal defendants were defendants and the same claims were asserted against them); *Swartz Ambulance Serv., Inc. v. Genesee Cnty.*, 666 F. Supp. 2d 721, 726 (E.D. Mich. 2009) (dismissing official-capacity claims against the board of commissioners and individual commissioners as duplicative of claims brought against the county); *Burreson v. Barneveld Sch. Dist.*, 434 F. Supp. 2d 588, 593 (W.D. Wis. 2006) ("Because *Monell* authorizes suits brought against local government units directly, 'official capacity' suits against municipal decision makers are redundant when the municipality has been named as another defendant.").

Therefore,

**IT IS HEREBY ORDERED** that Defendant Yankowski's Motion for Summary Judgment (ECF No. 10) is **DENIED**.  However, the official-capacity claims against Defendant Yankowski under § 1983 are **DISMISSED** as **duplicative** of the § 1983 claims against the City.


Dated:  September 28, 2017                             /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE