# EXHIBIT E

Michigan Administrative Hearing System
P.O. Box 30695
Lansing, MI 48909-8195

RECEIVED JUL 19 2018

Form 1850



Docket No.: 18-010511
Case No.: 9424704
Employer: CITY OF LANSING
Claimant: CHARLES FUNK
SSN: XXX-XX-8143

VENKER
GREGORY S. VENKER
124 W. MIGHIGAN AVE.
SUITE 5
LANSING, MI 48933

This is an important legal document. Please have someone translate the document.

এটি একটি গুরুত্বপূর্ণ আইনি দলিল, অনুগ্রহ করে কেউ দলিলটিকে অনুবাদ করুন

Este es un documento legal importante. Por favor, haga traducir este documento.

.قم بترجمة هذه الوثيقة القانونية الهامة من يرجى شخص ما

Ito ay isang mahalagang legal na dokumento. Mangyari lamang na magkaroon ng isang tao isalin ang dokumento.

## ORDER

The Agency's May 17, 2018 Adjudication is modified.

The Claimant is not disqualified from receiving benefits pursuant to Sections 29(1)(b) the Michigan Employment Security Act (Act).

The Claimant is disqualified from receiving benefits pursuant to Sections 29(1)(a) the Michigan Employment Security Act (Act).

Further determinations consistent with this decision are left to the Agency.

Decision Date: July 16, 2018

*Alexander Cartwright*
ALEXANDER CARTWRIGHT
ADMINISTRATIVE LAW JUDGE

18-010511

## PARTICIPANTS

| | | 06-11-18 | | 06-26-18 | | 07-12-18 | |
|---|---|---|---|---|---|---|---|
| | | | Sworn | | Sworn | | Sworn |
| Claimant | CHARLES FUNK | x | x | x | x | x | x |
| Representative | Joseph Michaels | x | | x | | x | |
| Witness | | | | | | | |
| Witness | | | | | | | |
| Witness | | | | | | | |
| Witness | | | | | | | |
| | | | | | | | |
| Employer | CITY OF LANSING | | | | | | |
| Representative | Gregory Venker | x | | x | | x | |
| Witness | Elizabeth O'Leary (Employee & Labor Specialist) | x | x | x | x | | |
| Witness | Ellery Sosebee (Lieutenant of PD) | x | x | | | | |
| Witness | Mike Yankowski (Chief of Police) | x | x | x | x | | |
| Observer | Nicholas Tate (Chief of Labor Negotiations) | | | x | | | |
| Witness | | | | | | | |
| Witness | | | | | | | |

## EXHIBITS

| NO | SUBMITTED BY | | | DOCUMENT DATED | FORM NO | DOCUMENT DESCRIPTION |
|---|---|---|---|---|---|---|
| | UIA | E | C | | | |
| 1 | | x | | 9/12/16 | | Letter of Resignation (1 page) |
| 2 | | x | | 9/13/16 | | Internal Affairs Investigation (1 page) |
| 3 | | x | | 8/22/2016 | | MSP Interview (5 pages) |
| 4 | | x | | 8/19/16 | | Police Report (6 pages) |
| 5 | | x | | 9/13/16 | | Disciplinary Charge Sheet (2 pages) |
| 6 | | x | | N/A | | Rules of Conduct by Matrix Class (2 pages) |
| 7 | | x | | 10/31/16 | | Employer Email (1 page) |
| 8 | | x | | 8/29/16 | | Register of Actions (5 pages) |

## JURISDICTION

On May 17, 2018, the Claimant timely appealed a May 17, 2018 Unemployment Insurance Agency (Agency) Adjudication which held the Claimant disqualified for benefits under Section 29(1)(b) of the Michigan Employment Security Act (Act). Section 29(1)(a) of the Act, was also noticed as a possible issue for the hearing.

## ISSUE

Is the Claimant disqualified because of a discharge or suspension for misconduct pursuant to Section 29(1)(b) of the Act, or because of voluntarily leaving the employer without good cause attributable to the employer, under Section 29(1)(a) of the Act?

## APPLICABLE LAW

Section 29 of the Act provides:

> (1) Except as provided in subsection (5), an individual is disqualified from receiving benefits if he or she:
>
>> (a) Left work voluntarily without good cause attributable to the employer or employing unit. An individual who left work is presumed to have left work voluntarily without good cause attributable to the employer or employing unit. An individual who is absent from work for a period of 3 consecutive work days or more without contacting the employer in a manner acceptable to the employer and of which the individual was informed at the time of hire shall be considered to have voluntarily left work without good cause attributable to the employer. An individual who becomes unemployed as a result of negligently losing a requirement for the job of which he or she was informed at the time of hire shall be considered to have voluntarily left work without good cause attributable to the employer. An individual claiming benefits under this act has the burden of proof to establish that he or she left work involuntarily or for good cause that was attributable to the employer or employing unit. An individual claiming to have left work involuntarily for medical reasons must have done all of the following before the leaving: secured a statement from a medical professional that continuing in the individual's current job would be harmful to the individual's physical or mental health; unsuccessfully attempted to secure alternative work with the employer; and unsuccessfully attempted to be placed on a leave of absence with the employer to last until the individual's mental or physical health would no longer be harmed by the current job. However, if any of the following conditions is met, the leaving does not disqualify the individual:
>>
>>> (i) The individual has an established benefit year in effect and

during that benefit year leaves unsuitable work within 60 days after the beginning of that work. Benefits paid after a leaving under this subparagraph shall not be charged to the experience account of the employer the individual left, but shall be charged instead to the nonchargeable benefits account.

(ii) The individual is the spouse of a full-time member of the United States armed forces, and the leaving is due to the military duty reassignment of that member of the United States armed forces to a different geographic location. Benefits paid after a leaving under this subparagraph shall not be charged to the experience account of the employer the individual left, but shall be charged instead to the nonchargeable benefits account.

(iii) The individual is concurrently working part-time for an employer or employing unit and for another employer or employing unit and voluntarily leaves the part-time work while continuing work with the other employer. The portion of the benefits paid in accordance with this subparagraph that would otherwise be charged to the experience account of the part-time employer that the individual left shall not be charged to the account of that employer, but shall be charged instead to the nonchargeable benefits account.

The term "'voluntary'- connotes a choice between alternatives which ordinary persons would find reasonable." *Clarke v North Detroit General Hospital*, 179 Mich App 511 (1989), aff'd 437 Mich 280 (1991). A voluntary leaving is one which is unrestrained, volitional, and freely chosen. *Tomei v General Motors*, 194 Mich App 180 (1992).

The standard used in determining whether a voluntary leaving was with good cause attributable to the Employer is that of the reasonable individual. Under that standard, "'good cause' compelling an employee to terminate his employment should be found where an employer's actions would cause a reasonable, average, and otherwise qualified worker to give up his or her employment." *Carswell v Share House, Inc.*, 151 Mich App 392 (1986).

Michigan courts have found that the following are not good cause attributable to the Employer: personal health problems, *Watson v Murdock's Food and Wet Goods*, 148 Mich App 802 (1986); a family emergency, *Leeseberg v Smith-Jamieson*, 149 Mich App 463 (1986); a lack of work *Cooper, supra*; affronts to pride and reputation, *Butler v City of Newaygo*, 115 Mich App 445 (1982).

## FINDINGS OF FACT

The Claimant began his position with the involved employer on July 21, 1997. The Claimant worked full-time for the employer as a Sergeant in the employer's Police Department. On September 12, 2016, the Claimant voluntarily resigned his position. The Claimant voluntarily resigned his position, because he was being investigated by the employer's Internal Affairs Department for allegedly hitting an individual in a wheel chair with his vehicle at a cross walk on August 8, 2016.

On August 22, 2016, the Claimant was interviewed about the August 8, 2016 incident by Sgt. Paul Beasinger. (See Exhibit 3). Following this interview, the Claimant had been approached by the employer's Internal Affairs Unit, who had been investigating the incident and asked to participate in a meeting to discuss the August 8, 2016 incident. The Claimant declined to participate in the meeting, as he been in the cardiac unit in Sparrow Hospital on the date the meeting was scheduled to be held.

The matter was then investigated by Lieutenant Anderson and Lieutenant Sosebee who were in the process of preparing reports, which contained recommended disciplinary actions. These reports were to be submitted to the employer's Chief of Police, Mike Yankowski. (See Exhibit 2).

Prior to the completion of these reports, the Claimant was told that the matter was going to be investigated and that he would be required to participate in a pre-determination meeting that was scheduled to be held on September 15, 2016. The Claimant was further told that Chief Yankowski was going to review the evidence from the investigation at the meeting, and afford the Claimant an opportunity to provide a response, at which time Chief Yankowski would determine if termination or a lessor form of discipline was required. During these types of meetings, Chief Yankowski also had the discretion to require further investigation if he felt the evidence was insufficient make the appropriate decision.

Prior to the pre-determination meeting taking place, the Claimant spoke to his Union Representative and had come to the conclusion to resign his position rather than face possible termination, which could result in the loss of his pension. On September 12, 2016, the Claimant submitted his resignation to the employer. (See Exhibit 1).

## REASONING AND CONCLUSIONS OF LAW

When the parties disagree about the nature of the separation from employment, the burden of proof is on the employer to establish a voluntary leaving took place. *Ackerberg v. Grant Community Hospital*, 138 Mich App 295 (1984); and *Harrison v. Hinman Company*, unpublished opinion per curiam of the Michigan Court of Appeals, decided March 22, 1996, docket number 166274; and *Borg v. Appeal Board*, unpublished opinion of the Wayne County Circuit Court, Decided February 28, 1995, Case Number 227, 192.

The employer has met its burden of proof. The employer provided credible evidence that the Claimant had voluntarily resigned from his position on September 12, 2016, which was corroborated by the Claimant's own resignation letter labeled "Exhibit 1".

While the Claimant argues that his resignation was made in lieu of termination, the Claimant's argument is not convincing. The evidence establishes that the employer's was in the process of completing its investigation and had yet to complete its preliminary reports. Here, the report was not prepared until September 13, 2016, while the Claimant's registration took place the day prior on September 12, 2016.

Furthermore, the evidence establishes that Chief Yankowski had yet to review the evidence or hear the Claimant's response to the allegations, as no pre-determination meeting had taken place. The evidence further establishes that Chief Yankowski had the sole decision to terminate the Claimant's employment or choose to enforce a different form of discipline.

Here, it appears that the Claimant came to the decision to resign his position based on a subjective belief that he would be terminated from his position and lose his pension.

Based on the evidence presented at the hearing, the employer has met its burden of proof that the Claimant had voluntarily resigned his position. Therefore, this issue must be adjudicated under the Voluntary Leaving Provision, Section 29(1)(a), of the Michigan Employment Security Act.

In a voluntary leaving case, the Claimant has the burden to establish that his/her leaving was either involuntary, or that the leaving was voluntary and the result of good cause attributable to the employer. Here, the evidence established that the Claimant had voluntarily resigned his position; therefore, the Claimant has the burden to establish that his/her leaving was the result of good cause attributable to the employer.

The Claimant has failed to meet his burden of proof, as the Claimant never took the position that he voluntarily quit, and did not argue that his leaving was the result of good cause attributable to the employer.

Therefore, the ALJ finds that the Claimant is disqualified for benefits under the Voluntary Leaving Provision, Section 29(1)(a), of the Act.

**IMPORTANT: TO PROTECT YOUR RIGHTS, YOU MUST BE ON TIME**

This Order will become final unless an interested party takes ONE of the following actions: (1) files a written, signed, request for rehearing/reopening to the Administrative Law Judge, or by an office or agent office of the agency OR (2) files a written, signed, appeal to the Michigan Compensation Appellate Commission at P.O. Box 30475, Lansing, MI 48909-7975 (Facsimile: 517-241-7326); OR (3) files a direct appeal, upon stipulation, to the Circuit Court on or before:

<u>**August 16, 2018**</u>

I, P. Osborne, certify a copy of this order has been sent on the day it was signed, to each of the parties at their respective addresses on record.

(SEE ATTACHED SHEET)

**English**

**IMPORTANT!** This document(s) contains important information about your unemployment compensation rights, responsibilities and/or benefits. It is critical that you understand the information in this document.
**IMMEDIATELY:** If needed, call 1-866-500-0017 for assistance in the translation and understanding of the information in the document(s) you have received.

**Arabic**

تحتوي هذه الوثيقة (الوثائق) على معلومات مهمة عن حقوق التعويض البطالة ومسؤولياتك و / أو فوائدك. من المهم أن تفهم المعلومات الواردة في هذا المستند.
على الفور: إذا لزم الأمر، اتصل على 0017-500-866-1 للمساعدة في ترجمة وفهم المعلومات في الوثيقة (الوثائق) التي تلقيتها.

**Spanish**

**¡IMPORTANTE!** Este (s) documento (s) contiene información importante sobre sus derechos, responsabilidades y / o beneficios de compensación por desempleo. Es fundamental que entienda la información de este documento.
**INMEDIATAMENTE:** Si es necesario, llame al 1-866-500-0017 para obtener ayuda en la traducción y comprensión de la información en el documento (s) que ha recibido.

**Mandarin**

重要！本文件包含有关您的失业补偿权利，责任和/或利益的重要信息。了解本文档中的信息至关重要。

立即：如果需要，请致电1-866-500-0017以协助翻译和了解您收到的文件中的信息．

**Albanian**

**E rëndësishme!** Ky dokument përmban informacione të rëndësishme për të drejtat, përgjegjësitë dhe / ose përfitimet e papunësisë. Eshtë e rëndësishme të kuptojmë informacionin në këtë dokument.
**Menjëherë:** Nëse është e nevojshme, telefononi 1-866-500-0017 për të ndihmuar në përkthimin dhe kuptimin e informacionit në dokumentet që keni marrë.

## REQUEST FOR REHEARING OR REOPENING BEFORE AN ADMINISTRATIVE LAW JUDGE

When the appeal to the Administrative Law Judge (ALJ) has been dismissed for lack of prosecution or a party is in possession of newly discovered material information not available when the case was heard by the ALJ, the party may request rehearing in writing before the ALJ instead of appealing to the Michigan Compensation Appellate Commission (Commission). A request for rehearing must be signed by the requesting party or their agent, and RECEIVED by the Michigan Administrative Hearing System (MAHS) at **3026 West Grand Boulevard, 2nd Floor Annex, Ste 2-700, Detroit, MI 48202** or by an office or agent office of the agency, within 30 calendar days after the date of this decision. The party requesting rehearing must also serve the request on the opposing party. A rehearing request received (as described above) more than 30 days after the decision is mailed, shall be treated as a request for reopening.

The ALJ may, for good cause, reopen and review this decision and issue a new decision or issue a denial of rehearing/reopening.

If a request for rehearing or reopening is not received by MAHS, and an appeal to the Commission is not submitted, the hearing decision becomes final.

**If the Agency fails to comply with an ALJ decision or order more than 30 days, but within 1 year, after the date of mailing of the decision, you may request, in writing, that the ALJ reopen the matter. You must serve a copy of the request to reopen on the other party.**

## APPEAL TO THE MICHIGAN COMPENSATION APPELLATE COMMISSION

The Michigan Compensation Appellate Commission (Commission) consists of up to nine members appointed by the governor and is not part of the Unemployment Insurance Agency (UIA).

An appeal to the Commission shall be in writing and signed by the party or his/her agent and must be RECEIVED directly by the COMMISSION within 30 days after the mailing of the ALJ's hearing decision or order denying rehearing or reopening. Parties may obtain the Commission appeal form by going online and downloading the form located at: http://www.michigan.gov/documents/lara/UI_Appeal_Form_602012_7.pdf. A timely appeal may be made by personal service, postal delivery (P.O. Box 30475, Lansing, MI 48909-7975), facsimile transmission (517-241-7326), or other electronic means as prescribed by the Commission.

The timely appeal/request may also seek to present additional evidence in connection with the appeal or request an oral argument before the Commission. The Commission may consider written argument only if all parties are represented; by agreement of the parties; the Commission orders oral argument; or the Commission orders evidence be produced before it. For additional information, please review the Mich Admin Code, Rules 792.11416 - 792.11429 or visit http://dmbinternet.state.mi.us/DMB/ORRDocs/AdminCode/1742_2017-066LR_AdminCode.pdf.

An appeal cannot be requested by telephone. More information about the appeal process to MCAC can be found on Page 21 of "A Guide to Unemployment Insurance Appeals Hearing", located at the following link: http://www.michigan.gov/documents/uia_UC1800_76144_7.pdf.

## BY-PASS OF COMMISSION/DIRECT APPEAL TO THE CIRCUIT COURT

A party may by-pass appealing to the Commission and appeal a decision or final order of an ALJ directly to a circuit court in the county in which the Claimant resides or in the county in which the Claimant's place of employment is (or was) located, or if the Claimant is not a party to the case, the circuit court in the county in which the employer's principal place of business in this state is located, if the parties (Claimant and Employer), or their respective authorized agents/attorneys, sign a timely written stipulation agreeing to the direct appeal to the circuit court. The stipulation must be mailed to the Michigan Administrative Hearing System, 3026 W. Grand Blvd, 2nd Floor Annex, Suite 2-700, Detroit, Michigan 48202. Application for review to a circuit court must be made within 30 days after the mailing date decision or final order by any method permissible under the rules and practices of the circuit court. The responsibility for properly and timely filing an appeal with the clerk of the circuit court rests with the party filing the appeal.

18-010511
Page 9 of 9